IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL T. WOHLEBER, | ) | CASE NO. 1:15CV2294 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| v. | ) | |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

Having prevailed in obtaining a reversal and remand of the Commissioner's decision denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), Plaintiff Michael Wohleber ("Plaintiff") now seeks an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $4,914.96.  Doc. 23. Plaintiff seeks an award based on an hourly rate of $182.25/hour for his attorneys and $50/hour for his attorney's appellate assistant.  *Id*.  Defendant filed a response in which she states that she will not be filing an objection to Plaintiff's motion.  Doc. 24.  As explained below, the Court concludes that an award of fees pursuant to the EAJA is warranted in this case and that Plaintiff has submitted sufficient evidentiary support to obtain an hourly rate of $182.25; however, the Court finds that the hourly rate for Appellant Assistant Shriver requested by Plaintiff is slightly higher than justified and, therefore, awards fees based on work done by Shriver at $40/hour. Accordingly, Plaintiff's Motion for Attorney Fees Pursuant to EAJA is **GRANTED** in part and **DENIED** in part.

### I.  The EAJA Standard

The EAJA provides,

1

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Pierce v. Underwood*, 487 U.S. 552, 556 (1988).  Thus, a prevailing party in an action against the United States can recover fees and expenses, unless the United States' position was "substantially justified" or "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); *see Pierce*, 487 U.S. at 556.

Here, it is undisputed that Plaintiff is the prevailing party.  *See* Doc. 21.  *See also Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (holding that a plaintiff is the prevailing party in a sentence four remand).  Plaintiff filed his motion for fees in a timely manner.  *See* 28 U.S.C. §§ 2412(d)(1)(B), 2412(d)(1)(D)(2)(B).

## II.  Reasonableness of Attorney Fees

In March 1996, Congress amended the EAJA by increasing the cap for hourly rates for attorney fees from $75.00 to $125.00 per hour.  Pub. L. No. 104-121, 110 Stat. 847 (1996); *see Hawk v. Astrue*, No. 4:11-CV-196, 2013 WL 139799, at *1 (N.D. Ohio January 10, 2013).  Now, the EAJA provides that the amount of fees awarded to a prevailing party where the United States' position is not substantially justified

> shall be based upon prevailing market rates for the kind and quality of the services furnished … attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 449-50 (6th Cir. 2009).

When a plaintiff requests an increase over the statutory cap of $125 per hour, he or she "bear[s] the burden of producing appropriate evidence to support the requested increase."  *Id*. at

450 (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984)). To justify an upward departure from the statutory cap Plaintiff must satisfy the following:

> a plaintiff should submit or base her request on the following: (1) the Cleveland-Akron CPI; (2) Plaintiff's attorney's affidavit stating the attorney's usual hourly rate and experience; (3) a time sheet showing hours worked on the case; and (4) either (a) a practice-specific, local fee survey; or (b) an affidavit or affidavits from other social security practitioners in the area describing their experience and hourly rate; or (c) an affidavit or affidavits from other social security practitioners describing their experience and indicating that the rates sought by plaintiff's attorney are in line with prevailing rates in the Cleveland area for services by lawyers of reasonably comparable skill, experience, and reputation.

*Hall v. Comm'r of Soc. Sec.*, No. 1:12-CV-01764, 2013 WL 6797663, at *3 (N.D. Ohio December 23, 2013).

Here, Plaintiff relies on the Urban CPI; one of his attorney's affidavit; his attorneys' and appellate assistant's time sheets; and affidavits from two other social security practitioners describing their experience and indicating that the rates sought by Plaintiff's attorney are in line with prevailing rates in the local area for services by lawyers of reasonably comparable skill, experience, and reputation. Doc. 23, Attachments 1-6, 11. Plaintiff has submitted sufficient evidence to warrant an increase from $125.00/hr to $182.25/hr. In addition, the 26.2 hours expended by the attorneys is reasonable. Therefore, the Court awards attorney fees in the amount of $4774.95 (26.2 hours x $182.25 per hour).

Plaintiff also requests an award of fees for time expended by appellate assistant Diane Shriver at a rate of $50.00 per hour. Doc. 23, p. 3. In support, Plaintiff relies on the Bureau of Labor Statistics data for clerical wages. Doc. 23-9. This filing does not support his request for $50/hr for Shriver. The Court finds that an hourly rate of $40 rather than $50 is a reasonable fee for work performed by the appellate assistant. *See, e.g., Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp. 2d 797, 804-805 (N.D. Ohio 2013). The Court finds the 2.80 hours expended by Appellate

Assistant Shriver to be reasonable. Therefore, the Court awards appellate assistant fees in the amount of $112.00 (2.8 hours x $40 per hour).

In sum, the Court finds that the 29 total hours expended by attorneys Mary Meadows, Melissa Kunder and Appellate Assistant Shriver to be reasonable and awards attorney fees in the amount of $4,886.95 (26.2 hours at $182.25/hr plus 2.8 hours at $40/hr). Any fees paid belong to Plaintiff and can be offset to satisfy any pre-existing debt that Plaintiff owes the United States, pursuant to the decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010). Therefore, the fee award shall be payable to Plaintiff. Once counsel for the parties can verify that Plaintiff owes no pre-existing debts to the United States that are subject to offset, Defendant will direct that the award be made payable to Plaintiff's attorney pursuant to the attorney's fee assignment signed by Plaintiff and his counsel (Doc. 23-13).

### III. Conclusion

For the reasons explained above, the Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion for Attorney Fees (Doc. 23); the Court awards attorney fees in the amount of $4,886.95.

Dated: October 24, 2016

_____
KATHLEEN B. BURKE
U.S. Magistrate Judge